UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONI LYNN KEENER,

                     Plaintiff,                    16-CV-28(LJV)(HBS)
                                                                    ORDER

      v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

On June 13, 2016, the plaintiff moved for judgment on the pleadings, or, in the alternative, to remand the matter for further development of the record. Docket Item 10. On August 12, 2016, the defendant responded to the plaintiff's motion and moved for judgment on the pleadings. Docket Item 11. And on September 8, 2016, the plaintiff filed a reply and response to the defendant's motion. Docket Item 14.

On October 26, 2016, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). Docket Item 15. On December 6, 2016, Judge Scott issued a Report and Recommendation finding that the plaintiff's motion for judgment on the pleadings should be granted and that the defendant's motion should be denied. Docket Item 16. The parties did not object to the Report and Recommendation, and the time to do so now has expired. *See* 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Scott's Report and Recommendation as well as the parties' submissions.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Scott's recommendation to grant the plaintiff's motion for judgment on the pleadings and deny the defendant's motion.

A treating physician's findings should be given controlling weight so long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with other substantial evidence."  20 C.F.R. § 404.1527(c)(2).  Although an Administrative Law Judge may choose not to give a treating physician's medical opinion controlling weight, he or she must provide "good reasons" for doing so.  *Id.*; *Burgess v. Astrue*, 537 F.3d 117, 129-30 (2d Cir. 2008).

Here, in rejecting the medical opinions of Dr. Simmons, the treating physician, the ALJ conflated two different sets of opinions—those addressing the plaintiff's cervical spine problems and those addressing her lumbar spine.  In doing so, he relied too heavily on a remark by Dr. Simmons that the plaintiff was doing "quite well" after her March 2013 cervical spine surgery.  First, this comment was relative: Dr. Simmons was comparing the plaintiff's cervical spine issues before surgery to her recovery post

2

surgery. Even more basically, Dr. Simmons was addressing the plaintiff's *cervical* back problems, not her *lumbar* problems.

Indeed, in the same medical evaluation as his "quite well" remark, Dr. Simmons noted the plaintiff's "continued . . . problems with her lower back." And despite the improvement in his patient's cervical spine post surgery, Dr. Simmons had less than rosy conclusions with respect to her lumbar condition. More specifically, both before and after the plaintiff's cervical spine surgery, Dr. Simmons concluded that because of her lumbar problems, the plaintiff was unable to sit or stand for prolonged periods of time and she might need surgery in the future. He also opined that the plaintiff's lumbar symptoms were "gradually worsening."

Rather than give controlling weight to Dr. Simmons's medical opinions on the plaintiff's cervical and lumbar back issues, the ALJ gave great weight to the opinion of a medical consultant who reviewed the plaintiff's medical record in February 2013. That review, which occurred a month *before* the plaintiff underwent surgery, clearly was stale—with respect to both the improving condition of the plaintiff's cervical spine after surgery and the deteriorating condition of her lumbar spine.

In light of the above, the ALJ did not provide good reasons for failing to give controlling weight to the treating physician's medical opinion. *See* 20 C.F.R. § 404.1527(c)(2).

For the reasons stated above and in the Report and Recommendation, the plaintiff's motion for judgment on the pleadings or, in the alternative, to remand for further proceedings (Docket Item 10) is GRANTED; the defendant's motion for judgment on the pleadings (Docket Item 11) is DENIED; the decision of the Commissioner of

3

Social Security is REVERSED; and the matter is remanded for further administrative proceedings.

    SO ORDERED.


Dated:  January 25, 2017
         Buffalo, New York

                                                ***s/Lawrence J. Vilardo***
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE